T.C. Summary Opinion 2006-171


UNITED STATES TAX COURT


PHILIP IRA MAGGIO, JR., Petitioner, AND
BRENDA S. STRINGER, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2041-05S.            Filed October 24, 2006.


Philip Ira Maggio, Jr., pro se.

Brenda S. Stringer, pro se.

<u>A. Gary Begun</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

For 2002, the year at issue, petitioner was married to Brenda S. Maggio. They filed a joint Federal income tax return for the year at issue. In the examination of the return for 2002, petitioner's spouse agreed to a deficiency of $27,847 in tax. Petitioner, however, did not agree to the proposed deficiency. Accordingly, a notice of deficiency was issued solely to him for the deficiency of $27,847. No notice of deficiency was issued to petitioner's spouse because of her prior concession of the deficiency.

In his petition to this Court, petitioner does not challenge the deficiency and seeks only relief from joint liability under section 6015. At trial, petitioner and respondent filed a Stipulation of Settled Issues wherein petitioner conceded the deficiency of $27,847. Respondent, in turn, conceded that petitioner was entitled to relief from joint liability for the year at issue under section 6015(c). Thus, there is no justiciable issue between petitioner and respondent. The sole issue is the intervention filed by petitioner's former spouse, Brenda S. Stringer, who opposes the granting of section 6015 relief to petitioner.

Some of the facts were stipulated and are so found. The stipulation of facts and the accompanying exhibits are

incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Brownstown, Michigan. Intervenor resided in Flat Rock, Michigan, at the time of the filing of the Notice of Intervention.

Petitioner and intervenor married on or about February 14, 1989. During part of the year at issue, petitioner and intervenor were married and living together. They did not, however, reside together during the entire year. They legally separated sometime in August 2002, and their divorce was finalized on May 22, 2003. Neither the divorce decree nor the marital separation agreement allocates or addresses responsibility for payment of debts.

Petitioner was employed as a maintenance supervisor by Daimler-Chrysler during the year at issue. He received taxable wages of $124,799 in 2002. Intervenor operated a real estate appraisal business during this time. She received $72,855 in nonemployee compensation for her work as an appraiser.

Despite their recent divorce, petitioner and intervenor mutually agreed to file jointly a Form 1040, U.S. Individual Income Tax Return, for 2002. The return was prepared, as it had been done frequently in the past, by petitioner. He reported the income from his employment with Daimler-Chrysler and reported the income and expenses of intervenor's business activity on a Schedule C, Profit or Loss From Business. Petitioner relied on

receipts and documents provided to him by intervenor when he prepared the Schedule C of her business activity. The real estate appraisal business realized $72,885 of gross income during 2002. Based on the receipts provided to him, the activity realized a net loss of $1,582 for 2002. The record is unclear whether intervenor reviewed the return after it was prepared, or whether she was even given an opportunity to review the return.

Due to either an error by petitioner or a glitch in the Turbo Tax software for the year in which the return was prepared, the return was selected by the IRS for examination.[2] Petitioner was unable to meet with the revenue agent at the scheduled time; however, intervenor met the agent alone. Intervenor failed to substantiate any of the claimed expenses related to her business because she was unable to locate the paperwork that petitioner used as a basis for these claims. Consequently, all of the claimed 2002 expenses of the real estate activity were disallowed. See infra note 3. Intervenor agreed with the agent's determination, signed an agreement as to the audit liability, and was assessed.

Respondent issued to petitioner a notice of deficiency on November 5, 2004, for the additional tax liability. On February 1, 2005, petitioner filed a timely petition with this Court

---

[2]Petitioner contends that the Turbo Tax software for taxable year 2002 contained a glitch that prompted him to enter some items of income and expenses in multiple places.

seeking relief from liability under section 6015.  Pursuant to Rule 325, respondent mailed a Letter of Notice and Right to Intervene on March 8, 2005, to intervenor.  On April 29, 2005, intervenor filed a Notice of Intervention with this Court.

Between the time of the filing of the petition with this Court and the date of trial, respondent met with petitioner regarding his claimed relief from joint liability under section 6015.  Based on that meeting and consideration of all the facts and circumstances, respondent agreed that petitioner was entitled to relief under section 6015(c) and that no deficiency was due from him.

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election, each spouse is jointly and severally liable for the entire tax due.  Sec. 6013(d)(3); Cheshire v. Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Relief from joint and several liability is available to certain taxpayers under section 6015.  Section 6015(c) provides proportionate relief by limiting liability to the portion of the deficiency that is properly allocable to each taxpayer as provided in section 6015(d).  Under section 6015(d)(3)(A), generally, items that give rise to a deficiency on a joint return, e.g., Schedule C expenses, shall be allocated to the individual filing the return in the same manner as it would have

been allocated if the individual had filed a separate return for the taxable year.

A taxpayer is eligible to elect relief under section 6015(c) if, at the time the election is filed, the taxpayer is no longer married to or is legally separated from the individual with whom the taxpayer filed the joint return to which the election relates. Sec. 6015(c)(3)(A)(i)(I). The election under section 6015(c) may be made at any time after a deficiency for such year is asserted and no later than 2 years after the date on which the Commissioner has begun collection activities with respect to the taxpayer making the election. Sec. 6015(c)(3)(B). Petitioner and intervenor were divorced on May 22, 2003, and petitioner's election was made soon after his receipt of the notice of deficiency. Therefore, petitioner was entitled to seek relief under section 6015(c) to limit his liability for the 2002 tax deficiency.

Relief under section 6015(c) is not available if petitioner had actual knowledge of the item giving rise to the deficiency. Sec. 6015(c)(3)(c); King v. Commissioner, 116 T.C. 198, 203 (2001). The "knowledge standard" for purposes of section 6015(c)(3)(C) "'is an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof).'" King v. Commissioner, supra at 203 (quoting Cheshire v. Commissioner, supra at 195).

Respondent agreed that petitioner was entitled to relief under section 6015(c). Intervenor filed her notice of intervention for the purpose of objecting to respondent's granting petitioner relief under section 6015. If intervenor offers sufficient evidence to show that petitioner had "actual knowledge" of the correct income and expenses associated with the real estate appraisal business, then petitioner is not entitled to relief under section 6015(c).

Intervenor's testimony that petitioner inflated some of her Schedule C expenses and completely fabricated others is not corroborated by other testimony or evidence.[3] The record and petitioner's testimony satisfy the Court that petitioner relied on the records presented by intervenor to substantiate the expenses and resulting losses associated with her real estate appraisal business. The record contains no facts that show error in respondent's position, and the Court concludes that petitioner did not have actual knowledge of the factual circumstances regarding intervenor's Schedule C expenses. Intervenor's testimony does not sway the Court. The Court sustains respondent's determination that petitioner is entitled to relief from joint and several liability under section 6015(c).

---

[3]Petitioner contends that, subsequent to filing the return, he returned all receipts and documents given to him regarding the real estate appraisal business. Intervenor, however, asserts that she was unable to locate these items because they were not given back to her or never existed.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for petitioner.